IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 03 2021

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

CHARLINE WRIGHT                                                                  PLAINTIFF

VS.                           CASE NO. 4:21-cv-357-BSM

WATSON CHAPEL SCHOOL DISTRICT,
A Public Body Corporate                                                          DEFENDANT

## COMPLAINT

*This case assigned to District Judge Miller*
*and to Magistrate Judge Ray*

### Introduction

This is a civil rights action brought pursuant to 42 U.S.C.S. § 2000e *et seq.* (Title VII of the Civil Rights Act of 1964, as amended), the Age Discrimination in Employment Act (ADEA), which is codified at 29 U.S.C.S. §§ 621-634, in order to recover damages against the defendants for the unlawful discriminatory employment practices that the plaintiff Charline Wright has been subjected to, all on account of her race, age, sex, and in retaliation for having opposed discriminatory practices. The plaintiff also seeks relief pursuant to 42 U.S.C.S. § 1983, in that the unlawful employment practices were committed by the defendants while acting under color of law. This is also an action for declaratory judgment pursuant to 28 U.S.C. § 2201 to declare the rights and other legal relations between the parties. The plaintiff is also seeking equitable relief and injunctive relief as well.

### I.
### Jurisdiction

1.  Jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1391, 42 U.S.C.S. § 2000e *et seq.* (Title VII of the Civil Rights Act of 1964, as amended), 29 U.S.C. § 626 (ADEA).

2. The unlawful employment practices alleged to have been committed against the plaintiff were committed in the State of Arkansas, and in Jefferson County, Arkansas.

## II.
## Parties

3. The plaintiff Charline Wright is an African American female who is sixty-three (63) years old, with a date of birth of August 29, 1957.

4. The defendant Watson Chapel School District, is a public body corporate, that is organized under the laws for the State of Arkansas pursuant to Ark. Code Ann. § 6-13-102, for the purpose of providing education primarily to children within the boundaries of said school district, which is located in Jefferson County, Arkansas.

5. The defendant Watson Chapel School District (Watson Chapel) is an employer within the meaning of 42 U.S.C.S. § 2000e (b), (g), and (h).

## III.
## Facts

6. After completing high school in Pine Bluff, Arkansas, Ms. Wright obtained her Bachelor of Science degree in mathematics and mathematics education.

7. Mrs. Wright then obtained her masters in secondary school leadership.

8. Mrs. Wright started her teaching career with the Pine Bluff School District during the 1979-1980 school year as a secondary mathematics teacher.

9. Mrs. Wright retired from the Pine Bluff School District in September 2007.

10. Mrs. Wright then came out of retirement, and started working for the Pulaski County Special School District (PCSSD), where she taught as a secondary mathematics teacher from 2008 to 2015.

11. Mrs. Wright then returned to the Pine Bluff School District during the 2014-2015 school year as a math coach, where she remained until approximately June 2016.

12. In January 2017, Mrs. Wright was hired as a part-time math teacher for the Watson Chapel School District, a position that she held until May 2017.

13. In August 2017, Mrs. Wright was hired by the Watson Chapel School District as a tutor for supplemental services, working as a tutor for secondary math.

14. The Watson Chapel School District employs approximately 317 people, of which 180 are certified staff.

15. At all times herein mentioned, Dr. Jerry Guess was employed by the Watson Chapel School District as the superintendent of school.

16. On July 19, 2018, Mrs. Wright was employed by the Watson Chapel School District as a Secondary Instructional Math Specialist.

17. On or about July 26, 2018, Mrs. Wright was given a contract by the Watson Chapel School District, working as a Secondary Instructional Math Specialist.

18. However, when Mrs. Wright was given her contract on or about July 26, 2018, she was only given credit for 10 years of teaching rather than 38.5 years, making her annual pay of $50,897.00, when it should have been $60,001.00.

19. When Mrs. Wright brought this oversight to the attention of Norma Walker, the Business Manager for the defendant school district, Mrs. Wright was given a new contract crediting her with 38.5 years of teaching experience, and her pay was adjusted to the proper amount of $60,001.00 per year.

20. As a Secondary Instructional Math Specialist, Mrs. Wright was responsible for the supervision of the math teachers at the secondary level, and also had the responsibility of guiding

the math curriculum, implementation of Arkansas standards for math, analyzed data for assessment, as well as monitored the instruction, among other responsibilities.

21. During the January 13, 2020 board meeting, the Watson Chapel School District's Board of Education allowed Rana McClain, a Caucasian math teacher to teach 4 out of her 6 periods, with one additional period as a preparatory period for a total of seven (7) periods. In essence, Mrs. McClain was on contract for 5 periods, (four teaching periods and one preparatory period).

22. The school board voted to allow Ms. McClain to teach her four math periods and have her one preparatory period as an accommodation for her having to take care of a sick family member.

23. Mrs. McClain was allowed to come to work late at the start of her third period class.

24. Mrs. Wright was given the added duty of teaching Mrs. Wright's first two (2) math periods, which she started doing in January 2020.

25. On or about June 1, 2020, Mrs. Wright spoke with Dr. Jerry Guess as to why she was not being paid for the additional duty of having to teach Mrs. McClain two (2) math periods; Mrs. Wright asked whether this was an oversight. Dr. Guess stated that he could not pay Mrs. Wright for two (2) jobs. However, Mrs. Wright was asking to be paid for additional duties like her white counterparts were being paid.

26. Also, on or about June 2, 2020, Mrs. Wright brought to the attention of the Watson Chapel School District that there were thirty-nine (39) certified employees who received two or more additional duties, and were compensated for their additional duties, with 75% of those employees being white and 25% of those employees being black.

27. Mrs. Wright mentioned that it was her belief that she was being denied additional compensation for her additional duty due to her race and age.

28. Dr. Guess denied Mrs. Wright's request for additional compensation for the additional duties of being assigned to teach Mrs. McClain's two (2) math periods.

29. Mrs. Wright filed a grievance over the matter, but the school board voted to uphold Dr. Guess' recommendation in refusing to provide the plaintiff with additional duty pay.

30. During the 2018/2019 school year, the Watson Chapel School District employed four secondary instructional specialists, with two secondary mathematics specialists: a) Varnette Bruce (B/F) and b) Charline Wright, and two (2) Secondary Literacy Specialists: a) Frances Whitney Dutton (W/F) and b) Kaneshashay Barnes-Adams (B/F) (resigned June 11, 2019), both of whom are significantly younger than the plaintiff.

31. During the 2018/2019 school year, the Watson Chapel School District employed four elementary instructional specialists, with two (2) elementary mathematics specialists: a) Lakendra Lovelady (B/F) (resigned June 11, 2019) and b) Barbara Varnell (W/F) elementary math specialist and two others employed as elementary literacy specialist: a) Teresa Farver Morgan (B/F) and b) Erica Mauldine (B/F), who returned to the classroom in August 2019.

32. During the 2019/2020 school year, there were three (3) secondary instructional specialists, two of whom were employed as secondary math specialists: a) Varnette Bruce (B/F), b) Charline Wright (B/F), and a third person was employed as a secondary literacy specialist – Frances Withney Dutton (W/F).

33. Also, during the 2019/2020 school year, there were three elementary instructional specialists, with two employed as elementary mathematics specialists: a) Barbara Varnell (W/F) and b) Reginald Forte (B/M), both of whom are substantially younger than the plaintiff. The third

5

instructional specialist was Teresa Farver Morgan (B/F), who was employed as an elementary literacy specialist.

34.     During the 2020/2021 school year, there were two (2) secondary instructional specialists employed as secondary mathematics specialists: a) Varnette Bruce (B/F) and b) Barbara Varnell (W/F), who was hired on June 8, 2020.

35.     During the 2020/2021 school year, there were (2) elementary instructional specialists – one elementary mathematics specialist – Reginald Forte (B/M)[1], who was hired on July 12, 2019, and Teresa Farver Morgan (B/F).

36.     Both Mr. Forte and Ms. Morgan are significantly younger than the plaintiff.

37.     On March 16, 2020, the Cleveland County School District agreed to hire Frances Whitney Dutton as a certified school teacher to teach high school English, which was ratified by the Cleveland County School Board on April 13, 2020.

38.     Upon information and belief, Dr. Guess was aware of the fact that Mrs. Dutton was being hired by the Cleveland County School District shortly before April 13, 2020. During a board meeting on May 11, 2020, Dr. Guess recommended that the board accept Mrs. Dutton's resignation, which the board agreed.

39.     On April 27, 2020, the defendant school district through Dr. Guess gave the plaintiff a Notice of Non-Renewal, stating that Dr. Guess would recommend to the school board that the plaintiff's contract be non-renewed.

40      At the time that Dr. Guess handed the plaintiff her Notice of Non-Renewal, he was aware of the fact that Mrs. Dutton had been hired by the Cleveland County School District.

---

[1] Mr. Forte was hired by the Watson Chapel School District on June 11, 2018 as an elementary math teacher. Then on July 12, 2019, Mr. Forte was hired by the Watson Chapel School District as an Elementary Instructional Facilitator.

6

41.     During the June 8, 2020 school board meeting, Dr. Guess recommended to the board that Linda Davis and Charline Wright's contracts be non-renewed.

42.     Also, during the June 8, 2020 board meeting, Dr. Guess recommended that the following individuals be hired:

   a.   Ben Fox – high school head baseball coach

   b.   Barbara Varnell as Secondary Instructional Facilitator

   c.   Benny Arnold – Asst. Coach/Teacher

   d.   Kimberly Stepps – Speech Pathologist

   e.   Billy Williams – Bus Driver

   f.   Diane Pendegrass – Cafeteria Manager

   g.   Felicia Shelton – High School Cheer/Dance Sponsor.

IV.
Race Discrimination – Title VII of the Civil Rights Act of 1964 (as amended)

43.     The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 42, supra., inclusive as though set forth herein word for word.

44.     On or about January 13, 2020, the plaintiff was assigned the teaching responsibility of teaching the two (2) math classes of Rana McClain.

45.     On June 2, 2020, the plaintiff brought to the attention of Dr. Guess and the Watson Chapel School District that most of the Caucasian certified staff members were being paid for two or more of their additional duties, while very few of the African American certified staff members were not being paid for two or more additional duties.

46.     Dr. Guess advised the plaintiff that she could not be paid for "doing two jobs at the same time."

47. One of the many white certified staff members being paid for two additional duties was Frances Dutton.

48. Frances Dutton was paid an additional pay of $2,500.00 for her additional duty of Advance Placement Specialist, despite only having to deal with advance placement issues on an infrequent basis, while Mrs. Wright to teach two (2) math classes daily.

49. The defendant attempts to justify the additional pay for Mrs. Dutton by contending that the Advance Placement Specialist is an additional job, when in fact Watson Chapel Personnel Policy No. 2, p. 6 lists advance placement as an additional duty, and not an additional job.

50. The plaintiff was required to teach two (2) periods of math each day, which was not part of her Secondary Math Specialist's contract.

51. The defendant attempted to justify its refusal to provide additional compensation to Mrs. Wright for having to teach two (2) math classes for Mrs. McClain as it being an additional duty, when in fact it is teaching math classes, which makes it an additional job.

52. The plaintiff was hired as a secondary math instructional specialist, which does not involve classroom work.

53. A math teacher is separate and apart from that of a secondary instructional math instructional specialist.

54. Furthermore, Barbara Varnell, a Caucasian female teacher was employed by the district as an Elementary Math Facilitator.

55. When the defendant non-renewed the plaintiff's contract, they moved Ms. Varnell up to the Secondary Math Specialist position, with the additional duty of advancement placement coordinator.  Ms. Varnell was provided an additional stipend of $2,500.00 for the advance placement coordinator's duties.

56. At the time that Ms. Varnell was placed in the Secondary Math Specialist position, she did not possess a secondary teaching certification.

57. Ms. Varnell was placed at the secondary math specialist position, to replace the plaintiff, who had been non-renewed.

58. The plaintiff was subjected to disparate treatment on account of her race, when she was afforded less favorable terms and conditions of her teaching contract than that of her white counterparts in violation of Title VII of the Civil Rights Act of 1964 (as amended).

## V.
## Age Discrimination in Employment Act (ADEA)

59. The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 58, supra., inclusive as though set forth herein word for word.

60. On June 8, 2020, Dr. Jerry Guess recommended to the Watson Chapel School District's Board of Education that the plaintiff's contract be non-renewed due to budgetary constraints and a decrease in student enrollment.

61. The defendant has a practice of allowing more senior personnel to "bump" less senior personnel during times of reduction in force.

62. Despite the fact of this practice, the plaintiff was not allowed to "bump" a less senior employee by the name of Reginald Forte, who was hired by the defendant as an Elementary Mathematics Specialists on July 12, 2019.

63. The defendant opted to keep Mr. Forte due to him being significantly younger than the plaintiff, in violation of Title VII of the Civil Rights Act of 1964 (as amended), and the Age Discrimination in Employment Act (ADEA).

64. Furthermore, the defendant allowed a younger white female (Barbara Varnell) to move from her position of elementary math facilitator to secondary math specialist position, which is the position that the plaintiff was taken out of when she was non-renewed.

65. The defendant opted to allow Ms. Varnell to transition into the secondary math specialist position due to her being significantly younger than the plaintiff, in violation of Title VII of the Civil Rights Act of 1964 (as amended), and the Age Discrimination in Employment Act (ADEA).

## VI.
## Sex Discrimination

66. The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 65, supra., inclusive as though set forth herein word for word.

67. The plaintiff was subjected to discrimination based on her sex when the defendant school district opted to keep Reginald Forte, rather than allowing the plaintiff to "bump" a less senior elementary math specialist employee.

68. The plaintiff was subjected to disparate treatment on account of her sex, in violation of Title VII of the Civil Rights Act of 1964 (as amended).

## VII.
## Retaliation

69. The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 68, supra., inclusive as though set forth herein word for word.

70. On June 2, 2020, the plaintiff brought to the attention of the defendant school district that white certified staff members were being paid two additional compensations for taking on additional duties, while black certified staff members were in large part not.

71. On June 8, 2020, Dr. Guess recommended to the Watson Chapel School District that the plaintiff's contract be non-renewed, despite the fact that Frances Dutton had already announced that she was leaving the district and resigned from the district on May 11, 2020.

72. In that Frances Whitney Dutton was leaving the defendant school district, this eliminated the need to non-renew the plaintiff's contract.

73. Also, the defendant school district non-renewed plaintiff's contract and then moved Barbara Varnell from her position of elementary math specialist to secondary math specialist, all done for the purpose of non-renewing plaintiff's contract.

74. Despite having justifications to retain the plaintiff with the defendant school district, the defendant opted instead to non-renew the plaintiff's contract, in retaliation of the plaintiff complaining about acts of discrimination, in violation of Title VII of the Civil Rights Act of 1964 (as amended).

75. The above-mentioned acts of discrimination and retaliation were committed by the defendant acting under color of law, making this cause of action enforceable pursuant to 42 U.S.C.S. § 1983.

## VIII.
## Procedural Requirement

76. The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 75, supra., inclusive as though set forth herein word for word.

77. On October 14, 2020, the plaintiff filed a Charge of Discrimination (No. 493-2020-01842) with the Equal Employment Opportunity Commission (EEOC), contending that she had been discriminated against in terms and conditions of her employment with the defendant, when she was denied additional compensation for assuming additional job responsibilities and when she was non-renewed her secondary math specialist's contract, due to her race, age, sex and in

retaliation for having complained about discriminatory treatment, in violation of Title VII of the Civil Rights Act of 1964 (as amended). **(See Charge of Discrimination attached herein as Plaintiff's Exhibit "A")**.

78. In response to the plaintiff's Charge of Discrimination that she filed with the EEOC, said agency issued her a "Dismissal and Notice of Rights" letter dated February 3, 2021, which *inter alia* gave the plaintiff the right to sue the defendant within 90 days from the date she received the above-mentioned letter. **(A copy of said "Notice of Right to Sue" letter is attached to this complaint and is identified as Plaintiff's Exhibit "B")**.

79. The plaintiff has met the statutory requirement of filing this complaint within ninety (90) days after receiving the "Dismissal and Notice of Rights" letter.

## IX.
## Damages

80. The plaintiff incorporates by reference the allegations contained in paragraphs 1-79 of the plaintiff's complaint, and adopts each as if set out herein word for word.

81. As a direct and proximate cause of the discriminatory practices that the defendant subjected the plaintiff to on account of her sex, race and the continued acts of retaliation, the plaintiff has suffered economic loss by way of lost wages in an amount to be proven at the trial of this matter.

82. Furthermore, due to the discriminatory and retaliatory acts of the defendant, the plaintiff has experienced mental anguish, embarrassment, pain and suffering in an amount to be proven at the trial of this matter.

## JURY DEMAND

83. The plaintiff requests that this matter be tried before a fair and impartial jury of twelve (12) persons.

THEREFORE, the plaintiff is seeking the following relief for the above-described unlawful employment practices:

a. declare that the plaintiff has been subjected to unlawful discriminatory practices on account of her race, sex, age, and subjected to retaliation for having complained about unlawful discriminatory practices;

b. reinstatement and back pay;

c. compensatory damages;

d. attorney's fees;

e. the cost of prosecuting this action;

f. and for all other equitable, legal, and just relief.

Respectfully submitted,

Austin Porter Jr., No. 86145
PORTER LAW FIRM
323 Center Street, Suite 1035
Little Rock, Arkansas 72201
Telephone: 501-244-8200
Facsimile: 501-372-5567
Email: Aporte5640@aol.com

By: _____
Austin Porter Jr.

Date: May 3, 2021.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>493-2020-01842 and EEOC |
|---|---|---|

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>**MRS. CHARLINE A WRIGHT** | Home Phone<br>**(870) 413-1950** | Year of Birth<br>**1957** |
|---|---|---|

Street Address                                   City, State and ZIP Code
**P.O. BOX 2432, PINE BLUFF, AR 71613**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name<br>**WATSON CHAPEL HIGH SCHOOL** | No. Employees, Members<br>**15 - 100** | Phone No.<br>**(870) 879-0220** |
|---|---|---|

Street Address                                   City, State and ZIP Code
**4000 CAMDEN ROAD, PINE BLUFF, AR 71603**

| Name | No. Employees, Members | Phone No. |
|---|---|---|

Street Address                                   City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **06-01-2020**   Latest: **07-13-2020**
☐ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

**I was hired in July 2018 as a Secondary Math Instructional Specialist to lead high school math teachers' efforts to increase academic achievement for all students. My coworker a Literacy Specialist (White, younger) was paid more for her additional duties as an Advanced Placement Specialist. A math teacher resigned in January 2020 and a replacement teacher could not cover all the classes of the resigned teacher. I was asked to teach two of the classes in addition to my Secondary Math Instructional Specialist duties. My employer list all salaries and additional compensation on the district website. The listing includes employees who are compensated for 2 or more additional duties with 76% White and 24% Black. I filed a grievance for not receiving additional compensation for my additional teacher duties and it was denied. I was told by a Board member that I should be happy with my salary without the additional duty compensation and the Board decided unanimously to deny my grievance for additional compensation despite the 76% white receiving additional compensation for their two or more additional duties and one White employee received three additional duty compensations. My contract was not renewed on June 8, 2020 and I was told due to me**

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

**Digitally signed by Charline Wright on 10-14-2020 06:36 PM EDT**

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO B[EFORE ME THIS DATE]
(*month, day, year*)

**PLAINTIFF'S EXHIBIT A**

EEOC Form 5 (11/09)

|  | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | **493-2020-01842** |
| _State or local Agency, if any_ | | and EEOC |

having the least senior hire date as a Secondary Math Instructional Specialist. I was informed a (White) female younger Elementary Instructional Specialist was allowed to (move up) to the Secondary (high school) Literacy position. A younger Black (male) Elementary Math Instructional Specialist was renewed with a least hire date than I. But, I was not allowed to move down to the elementary level when the white female was allowed to move up to secondary level. This means that me being told that I had the least hire date is not true. The Black male Math Instructional Specialist had the least hire date. I believe I was not compensated for additional duties because of my race (Black) in violation of Title VII of the Civil Rights Act of 1964, as amended and because of my age (62) in violation of the Age Discrimination in Employment Act of 1967, as amended. I believe I was subjected to different terms and conditions because of my sex (female) and age (62). I also believed I was discharged (non-renewed) in retaliation for filing discrimination complaints in violation of Title VII.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – _When necessary for State and Local Agency Requirements_ |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Charline Wright on 10-14-2020 06:36 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(_month, day, year_) |

Case 4:21-cv-00357-BSM   Document 1   Filed 05/03/21   Page 16 of 16

EEOC Form 161 (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Charline A. Wright
P.O. Box 2432
Pine Bluff, AR 71613

From: Little Rock Area Office
820 Louisiana
Suite 200
Little Rock, AR 72201

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2020-01842 | Brittney Wilkerson, Investigator | (501) 324-6016 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

William A. Cash, Jr.,
Area Office Director

02/03/2021
*(Date Issued)*

Enclosures(s)

cc:
Jerry Guess
Superintendent
WATSON CHAPEL SCHOOL DISTRICT
4100 Camden Road
Pine Bluff, AR 71603

Allen P. Roberts
Allen P. Roberts, P.A.
PO Box 280
Camden, AR 71701
PLAINTIFF'S EXHIBIT