IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHARLINE WRIGHT**                                                                                           **PLAINTIFF**

v.                                       CASE NO. 4:21-CV-00357-BSM

**WATSON CHAPEL SCHOOL DISTRICT**                                                          **DEFENDANT**

## ORDER

The Watson Chapel School District's motion for summary judgment [Doc. No. 13] is granted, and this case is dismissed with prejudice.

### I. BACKGROUND

Charline Wright is suing the Watson Chapel School District for race, sex, and age discrimination, and retaliation, because her contract was not renewed in 2020 as a part of the Watson Chapel School District's reduction in force (RIF), and because she did not receive additional compensation for two classes she taught. Compl., Doc. No. 1. Wright is a black woman who began working for the district as a part-time math teacher in 2017. Pl.'s Resp. to Def.'s SUMF at ¶¶ 1, 4–5, Doc. No .19. Eight months later, she was given a position as a supplemental services tutor. *Id.* In early 2018, the district created a second math specialist position in the secondary school. *Id.* at ¶ 7. In June 2018, the district hired Jerry Guess as its superintendent, who almost immediately recommended that the district hire Wright to fill the newly created math specialist position. *Id.* at ¶ 6–9. The school board approved Guess's recommendation and hired Wright in July to fill the position for the 2018–2019 school year. *Id.* at ¶ 9.

At the time the district hired Guess, it was being monitored for fiscal distress by the Arkansas Department of Education. *Id.* at ¶ 23; Guess Aff. at ¶ 11, Doc. No. 14-2. Consequently, after serving as superintendent for less than one year, Guess recommended a district-wide RIF for the 2019–2020 and 2020–2021 school years. Guess Aff. at ¶ 16. When the 2020–2021 RIF plan was approved, the district's secondary school had one literacy instructional facilitator and two math facilitators. Guess Aff. at ¶ 29–32. The two math positions included one position that existed before 2018 and Wright's position which was created in 2018. *Id.* Guess determined that, based on seniority, the newly created math facilitator position should be eliminated. *Id.* The more senior math facilitator position was also held by a black woman. *Id.*; Pl.'s Resp. to Def.'s SUMF at ¶ 36.

In Wright's 2019–2020 teaching contract, her position was characterized as a "math focus teacher" and she received an additional stipend of $2,500 for performing the additional duties as an "instruction specialist." Pl.'s Resp. to Def.'s SUMF at ¶ 19. Starting in January 2020, Wright was given the added duty of teaching two additional math classes after another teacher resigned. *Id.* at ¶¶ 105–106. Although Wright agreed to take on this responsibility, she did not ask for additional compensation until June 1, 2020, after she had been notified that she was being recommended for non-renewal. *Id.* at ¶¶ 65, 96, 117–119.

On April 27, 2020, Guess notified Wright that, due to the RIF, her contract would not be renewed for the 2020–21 school year. *Id.* at ¶ 65. This is when she questioned why she was not given additional compensation for the two additional classes she was teaching. *Id.*

at ¶¶ 65, 96. She also complained that most of the employees in the district who received stipends were white. *Id.* at ¶¶ 124–127. Guess notified Wright that he would treat her correspondence as a formal grievance. *Id.*

In June 2020, the school board accepted Guess's recommendation to not renew Wright's contract and in July 2020, the school board denied Wright's grievance. *Id.* at ¶¶ 71, 128. Wright was 62 years old at the time her contract was not renewed. *Id.* at ¶ 1. One year after her non-renewal, Guess offered Wright a position as a math teacher at the district's junior high school, which Wright declined because the math teacher position was lower paying than the math instructional specialist position. *Id.* at ¶¶ 89–91.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). *Id.* All reasonable inferences must be drawn in a light most favorable to the non-moving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

Summary judgment is granted on all claims because Wright has failed to make out a *prima facie* case of discrimination and retaliation because she has not shown that other similarly situated employees were treated differently.

The McDonnell Douglas burden shifting framework applies to all of Wright's claims because there is no direct evidence of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). This requires her to establish a *prima facie* case. If Wright can make out a *prima facie* case, the burden then shifts to the district to provide a legitimate, nondiscriminatory reason for the adverse employment action taken against Wright. *Id.* If the district articulates a legitimate, nondiscriminatory reason, then Wright must show that the district's stated reasons for its actions are pretext for discrimination. *Id.*

A.  Race Discrimination Claims

Wright argues that she was the victim of race discrimination because: (1) she was not given additional compensation for teaching two additional math classes, and (2) after she was non-renewed, a white woman filled her position. Compl. ¶ 43–58. For Wright to establish a *prima facie* case of discrimination, she must show that (1) she is a member of a protected class; (2) she was meeting her employer's legitimate job expectations; (3) she suffered an adverse employment action; and (4) similarly situated employees outside the protected class were treated differently. *McDonnell Douglas Corp.,* 411 U.S. 792 at 802. To qualify as a similarly situated employee, the comparitor must be similar to Wright in all relevant respects. *Ridout v. JBS USA, LLC*, 716 F.3d 1079, 1085 (8th Cir. 2013).

*1. Additional Compensation Claim*

The district concedes that Wright meets elements one and two of the McDonnell Douglas test, but argues that she has failed to make out a *prima facie* case because she cannot satisfy elements three and four. Def.'s Br. Supp. Mot. Summ. J. at 16, Doc. No. 15. This is the case because her assignment to teach additional classes was not an adverse employment action, and because she cannot show that similarly situated employees were treated differently. *Id.*

Although Wright argues in support of her claim that more white employees received stipends than black employees, this is not sufficient to show that she was denied pay for the two extra classes due to her race. This is the case because Wright admits that stipends are paid when a teacher performs additional duties outside of teaching, Pl.'s Resp. to Def.'s SUMF at ¶¶ 111–112, and teaching additional classes is not a duty outside of teaching that would have qualified Wright for a stipend.

Wright has also failed to present evidence of a similarly situated white employee who was treated differently. Although Wright points out that Frances Dutton, who is white, was paid additional compensation for serving as an Advanced Placement Specialist and Instructional Specialist, Compl. ¶¶ 45–53; Pl.'s Br. Supp. Resp. Mot. Summ. J. at 16, Doc. No. 20., Dutton is not a similarly situated employee because she was not paid more for teaching additional classes.

*2. White Woman Filled Position Claim*

Summary judgment is appropriate on this claim because Wright has not made out a *prima facie* case. This is true because there is not a similarly situated white employee who was treated differently, and despite her initial allegation that she was replaced by a white woman, the record clearly shows that Wright's position was terminated. Wright alleges in her complaint that Barbara Varnell, a white woman, was assigned to her position when Wright's contract was not renewed. Compl. ¶¶ 54–55. In support of its motion for summary judgment, the district shows that Varnell did not replace Wright. Pl.'s Resp. to Def.'s SUMF at ¶ 77, 85–86. In response to the motion for summary judgment, Wright admits that Varnell did not replace her, but that Varnell was moved from the elementary math specialist position into the secondary literacy position. *Id.*

B.   Age Discrimination Claims

To establish a *prima facie* case of age discrimination, Wright must show that she was (1) at least 40 years old; (2) terminated; (3) meeting district's reasonable expectations at the time she was terminated; and (4) replaced by an individual who was substantially younger. *Roeben v. BG Excelsior Ltd. Partnership*, 545 F.3d 639, 642 (8th Cir. 2008). Wright, who was 63 at the time her position was terminated, supports her age discrimination claim by arguing that (1) a forty-year old elementary math specialist should have been non-renewed instead of her, and (2) she was replaced by a younger employee. The district concedes that Wright meets elements one, two, and three of the *prima facie* case requirement, but argues that she cannot meet element four because the district did not replace her position with

6

another employee. Doc. No. 15 at 22.

### 1. Forty-Year Old Should Have Been Non-renewed Claim

Wright alleges that the district discriminated against her based on her age when it did not renew her contract instead of the contract of Reginald Forte, who was younger. Compl. ¶ 59–63. Summary judgment is appropriate because Forte was a math facilitator at the elementary school, while Wright was a math facilitator at the secondary school. Consequently, Wright and Forte were not similarly situated.

### 2. Wright Was Replaced by Younger Employee Claim

Although Wright alleges in her complaint that she was replaced by Barbara Varnell, who is younger, as discussed above, Varnell did not replace Wright. Pl.'s Resp. to Def.'s SUMF at ¶¶ 77, 85–86. Wright's position was terminated. Summary judgment is therefore appropriate.

### C. Sex Discrimination Claims

To establish a *prima facie* case of sex discrimination, Wright must show that (1) she was a member of the protected group; (2) she was qualified to perform the job; (3) she suffered an adverse employment action; and (4) circumstances permit an inference of discrimination. *Lewis v. Heartland Inns of America, L.L.C.*, 591 F.3d 1033, 1038 (8th Cir. 2010). Wright alleges that the elimination of her position is proof of discrimination because a similar position held by a man in the district was not eliminated. Compl. ¶ 66–68. Again, the district concedes that Wright meets elements one, two, and three; however, it argues that

Wright fails to meet the fourth element because nothing in the record supports her claim that the district discriminated against her because she is a woman. As set forth above, in response to Wright's specific allegation that Reginald Forte's position was not eliminated, the district points out that Wright and Forte are not similarly situated because Wright was a math facilitator at the secondary school while Forte was a math facilitator in the elementary school. Pl.'s Resp. to Def.'s SUMF at ¶ 129–132. The district further points out that while Forte was certified in elementary and secondary subjects, Wright was only certified in secondary math. *Id.* ¶ 132. Finally, the district points out that Wright was one of two math facilitators in the secondary school, while Forte was the only math facilitator at the elementary school after Varnell moved to the secondary literacy position. Def.'s Reply in Supp. Mot. Summ. J. at 17–20, Doc. No. 23. Therefore, had the district terminated Forte's position, it would have been left with two math facilitators at the secondary school and no math facilitators at the elementary school. The district is correct, because Wright has failed to show that the male comparitor is similarly situated to her in all relevant respects. *Ridout v. JBS USA, LLC*, 716 F.3d at 1085. Consequently, she has failed to make out a *prima facie* case requirement.

     Even if Wright has made out a *prima facie* case of sex discrimination, the district has provided a legitimate non-discriminatory reason for eliminating Wright's position and not Forte's position. Had it eliminated Forte's position, the district would have been left with two math facilitator positions in the secondary school, and none in the elementary school. For these reasons, Wright has failed to show that the district's reason for eliminating her

position is pretext for sex discrimination.

D. Retaliation Claims

Summary judgement is also granted on Wright's retaliation claim because no evidence in the record supports it. To establish a retaliation claim, Wright must show that: (1) she engaged in protected activity, (2) the district's adverse employment action caused injury that would "chill a person of ordinary firmness" from continuing that activity, and (3) there was a causal connection between the two. *Hill v. City of Pine Bluff*, 696 F.3d 709, 715 (8th Cir. 2012). Wright alleges that the district retaliated against her when it did not renew her contract after she questioned Guess as to why she was not paid for teaching the two additional math classes. The problem with this argument is that it misstates the sequence of events. This is the case because Wright was notified on April 27, 2020, that Guess was recommending her for non-renewal, and it was not until June 1, 2020, that she asked Guess why she was not receiving additional pay for teaching additional classes. Wright's retaliation claim therefore fails because there is no causal connection between her statements to Guess and her non-renewal.

IV. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment [Doc. No. 13] is granted, and this case is dismissed with prejudice.

IT IS SO ORDERED this 31st day of January, 2023.

_____
UNITED STATES DISTRICT JUDGE